51 F.3d 283
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee,
v.
Cecil T. RIGGEN, Defendant/Appellant.
 No. 94-10191.
 United States Court of Appeals, Ninth Circuit.
 Argued & Submitted March 17, 1995.*
Decided March 29, 1995.
 
 Before: GOODWIN, CANBY, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Riggen challenges his convictions for tax evasion and filing false tax returns in violation of 26 U.S.C. Secs. 7201 and 7206. He argues there was insufficient evidence to support the convictions. We disagree.
 
 1. 1989 Tax Return
 
 3
 Pursuant to the specific items method of proof, see United States v. Marabelles, 724 F.2d 1374, 1377 n. 1 (9th Cir.1984) (describing specific items method of proof), the Government produced sufficient evidence that Riggen "doubled-accounted" $50,000 from the second and third mortgages on the Sunkist property. IRS agents Hicok and Oertel's testimony established that Riggen deposited the $50,000 in mortgage proceeds in his checking account, out of which he paid $84,000 to improve the property. Then, on his 1989 tax return, Riggen adjusted his basis in the Sunkist property by $50,000 for payment of the second and third mortgages and also by $84,000 for improvement expenses incurred. However, because the $50,000 in proceeds from the mortgages was commingled with Riggen's personal and business funds in his checking account, these proceeds can be attributed to funds used to pay a portion of the improvement expenses. Thus, Riggen could properly increase his basis either by $50,000 representing payment of the mortgages and $34,000 representing that portion of the improvement expenses not covered by the mortgage proceeds or by $84,000 representing the total improvement expenses. However, by increasing his basis by both $50,000 and $84,000, Riggen's adjusted basis was improperly increased by $50,000, and consequently, his capital gain was improperly reduced by this amount.
 
 
 4
 Contrary to Riggen's contentions, the jury could properly rely on Hicok and Oertel's testimony. Because Hicok compiled financial records relating to Riggen's tax obligation and did all the calculations, her testimony was based on personal knowledge. Likewise, Oertel's testimony was based on personal knowledge, and to the extent he relied on summary charts prepared by another IRS agent, this reliance was permissible. See United States v. Soulard, 730 F.2d 1292, 1299 (9th Cir.1984) (rejecting defendant's argument that court erroneously admitted summarizing testimony").
 
 2. 1987 and 1988 Tax Returns
 
 5
 Riggen also challenges the Government's failure to establish his cash on hand while using the bank deposits method of proof to prove he had understated his taxable income for 1987 and 1988. See id. at 1296-97 n. 1 (describing bank deposits method of proof). Under the bank deposits method of proof, a defendant's reconstructed gross income, which reflects unreported taxable income, could be a result of cash deposits from cash on hand which was not taxable income for the year in question. To avoid attributing non-taxable income to the defendant's reconstructed gross income, the Government generally is required to establish the amount of cash on hand and exclude this amount from its calculations. See id. at 1298 (noting importance of establishing cash on hand). However, we hold that proof of cash on hand was not necessary in this case.
 
 
 6
 The Government relied on Riggen's records and his characterization of the deposits to reconstruct his gross business income; it used only those deposits which Riggen's records indicated were received as payment for services performed. The Government excluded from Riggen's reconstructed gross income all cash deposits and deposits from unidentified origins. Despite these exclusions, Riggen's reconstructed gross income still indicated he understated his income for 1987 and 1988. Because the Government did not rely on cash deposits to reconstruct Riggen's gross income, Riggen was not prejudiced by the Government's failure to prove his cash on hand.
 
 
 7
 Furthermore, Riggen failed to prove that the Government misidentified and did not give him adequate notice of its method of proof. The Government indicated in a pretrial motion that it intended to use the bank deposits method of proof, and it made available to Riggen its work sheets which indicated it did not intend to prove Riggen's cash on hand.
 
 
 8
 Because the Government offered sufficient evidence to establish that Riggen falsely reported his adjusted basis for the Sunkist property on his 1989 tax return and understated his taxable income on his 1987 and 1988 tax returns, we affirm his convictions.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3